[S. F. No. 14849. In Bank.—October 31, 1933.]

WILLIAM A. TRACY, Appellant, v. FRANK J. SCHMITZ, etc., et al., Respondents.

A. J. Stebenne, D. E. Sullivan, Larrouy & Macdonald, George P. Larrouy and Jerome F. Macdonald for Appellant.

Kincaid & Fitzpatrick for Respondents.

THE COURT.—This is an action, the general purpose of which is to establish the title of plaintiff in certain real property on the ground that it was acquired by defendant's intestate by means of undue influence.

Said intestate, Mrs. Emma Schmitz, came to live with plaintiff in San Francisco, in 1917, acting as his house-

keeper. In 1920, they went into the business of chicken-raising, at Sebastopol, and later at Redwood City. The Redwood City place was purchased under a contract signed by both parties. The deed from the grantors was executed to plaintiff and Mrs. Schmitz as grantees. In 1929, plaintiff made an agreement to sell the property to Mrs. Schmitz for $2,000, and in August, 1930, made a deed to her. She died July 6, 1931. Some months afterwards this action was brought. From a judgment for defendants, plaintiff appeals.

The appeal is grounded upon the insufficiency of the evidence to sustain the findings, and plaintiff, relying chiefly upon his own testimony, charges that Mrs. Schmitz exercised a dominating influence, and made continual demands upon him to convey the property to her, which finally resulted in his yielding. He further testified that all of the money that went into the purchase of the property was his. Plaintiff's children and son-in-law also testified that Mrs. Schmitz would not permit them to be alone with their father.

On the other hand, the undisputed facts show that Mrs. Schmitz left plaintiff at Sebastopol, and that for a year and a half he corresponded with her, requesting her to return and take an equal share in the business, which she finally agreed to do. Smith, the real estate agent who sold them the place, testified that plaintiff was anxious that Mrs. Schmitz's name should be on the deed, because they were buying it jointly, and plaintiff admits that this was a free and voluntary act on his part. There is evidence of substantial payments made on the contract by Mrs. Schmitz. It is also established by many witnesses that Mrs. Schmitz did all of the housework, and labored on the ranch and garden as well. She spent a good deal of her own money making improvements on the ranch property. Several witnesses testified to the cordial relations existing between the two.

The record lends no support whatever to appellant. The judgment is affirmed.